UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01695-TWP-KMB |
| | ) | |
| R. RAJOLI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART**
**PLAINTIFF'S & DEFENDANTS' MOTIONS *IN LIMINE***

This matter is before the Court on Defendant's Motion *in Limine*, dkt. [80], and Plaintiff's

Motion *in Limine*, dkt. [87].

This case is scheduled for a jury trial on May 1, 2023. In anticipation of trial, the parties

have moved the Court to rule on various evidentiary issues. "[J]udges have broad discretion in

ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler*

*Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a *motion in*

*limine* only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v.*

*AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting

standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and

prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does

not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only

means that, at the pretrial stage, the court is unable to determine whether the evidence should be

excluded. *Id*. at 1401.

Under this legal standard, the Court grants or denies the parties' motions *in limine* as

follows.

### I.      Defendant's Motion *in Limine*

Defendant's motion *in limine*, dkt. [80], is **granted to the extent** the listed evidence is

preliminarily excluded from admission at trial:

1.   Any reference,  evidence,  or  testimony as to Defendant's insurance coverage.

2.   Any reference, evidence, or testimony of prior lawsuits against Defendant, unless Plaintiff first requests a hearing outside the presence of the jury and demonstrates that Defendant's prior lawsuits are admissible under Rule 404(b)(1).

3.   Defendant's prior convictions, unless Plaintiff first requests a hearing outside the presence of the jury and demonstrates that Defendant's prior convictions are admissible under Rule 404(b)(1) or 609.

4.   Any reference, evidence, or testimony of statements by non-witnesses to Plaintiff about his medical condition or treatment. Testimony about statement Defendant made to Plaintiff are admissible under Rule 801(d)(2).

5.   Any medical or other expert opinions by lay witnesses. However, Plaintiff is permitted to testify regarding his personal knowledge of his symptoms and medical treatment he received. Fed. R. Evid. 602; 701. Similarly, other lay witnesses may testify regarding their observation of his condition.

6.   Any substantive evidence not previously disclosed or discovered.

### II.      Plaintiff's Motion *in Limine*

The following portions of Plaintiff's motions *in limine*, dkt. [87], are **granted to the extent**

the listed evidence is preliminarily excluded from admission at trial:

1.   Any reference, evidence, or testimony as to Plaintiff's prior convictions, unless Defendant first requests a hearing outside the presence of the jury and demonstrates that Plaintiff has opened the door to this evidence or that the Federal Rules of Evidence permit the evidence for impeachment purposes.

2.   Any reference, evidence, or testimony as to Plaintiff's housing assignment.

3.   Any reference, evidence, or testimony as to Plaintiff's prior bad acts or character, unless Defendant first requests a hearing outside the presence of the jury and demonstrates that this evidence is admissible under Rule 404(b)(2).

4.   Any reference, evidence, or testimony of Plaintiff's unrelated grievances, claims, or

complaints.

5. Any reference, evidence, or testimony of Plaintiff's unrelated medical conditions. However, Defendant may introduce evidence of Plaintiff's other medical conditions if Defendant can show that they are related to Plaintiff's claims in this action. If Defendant seeks to do so, he must first request a hearing outside the presence of the jury.

6. Any reference, evidence, or testimony that Plaintiff's medical condition was caused by his own neglect, including his dietary elections, unless Defendant first requests a hearing outside the presence of the jury and demonstrates that this evidence is admissible.

7. Any reference, evidence, or testimony personally attacking Plaintiff or providing lay opinions of his claims.

8. Any reference, evidence, or testimony as to Plaintiff's litigation history.

9. Any reference, evidence, or testimony that Plaintiff's arthritis developed after his thumb was injured in a fight. Defendant can offer evidence or testimony describing the nature of the thumb injury if he can show that such evidence is relevant to Plaintiff's claims. But any evidence or testimony regarding the cause of the injury is irrelevant to Plaintiff's claim that Defendant continued to prescribe a treatment for the arthritis after Plaintiff developed gynecomastia.

10. Any reference, evidence, or testimony as to Plaintiff's disciplinary record or other details of his incarceration including the length of his incarceration, unless Defendant first requests a hearing outside the presence of the jury and demonstrates that this evidence is admissible under Rule 404(b)(2) or to impeach Plaintiff.

11. Any evidence or witness testimony not previously disclosed and exchanged between the parties.

12. Any expert opinions by treating physicians who are not appearing as witnesses.

13. Any reference, evidence, or testimony of settlement negotiations in this case.

14. Any reference to the parties' motions *in limine* or the Court's ruling.

Rulings on motions *in limine* are not final appealable orders. If a party believes that evidence preliminarily deemed admissible or inadmissible should be challenged, counsel may request a hearing outside the presence of the jury for a determination on that challenge.

### III.    Conclusion

For the reasons set forth above, Defendant's motion *in limine*, dkt. [80], is **granted to the extent** discussed in section I of this Order and Plaintiff's motion *in limine*, dkt. [87], is **granted to the extent** discussed in section II of this Order.

**IT IS SO ORDERED**.

Date: 4/11/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY WAYNE ROBERTSON
943020
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Rosemary L. Borek
Knight Hoppe Kurnik & Knight, LTD
rborek@khkklaw.com

Rachel D. Johnson
Stoll Keenon Ogden PLLC
rachel.johnson@skofirm.com

Erika Lauren Steuerwald
Kroger Gardis & Regas LLP
esteuerwald@kgrlaw.com